IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01084-BNB

WILLIAM ABEGG,

    Plaintiff,

v.

ADAMS/ARAPAHOE SCHOOL DISTRICT J8/AURORA PUBLIC SCHOOLS,
JOHN BERRY, Superintendent, in his professional capacity, and
JILL LLITERAS, Principal, in her professional capacity,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, William Abegg, has filed *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Mr. Abegg is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Abegg will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the Complaint and finds that the Complaint is deficient. For one thing, it is not clear whether Mr. Abegg intends to sue two Defendants or three. Although he lists three Defendants in the caption of the Complaint, he only provides addresses for two Defendants on page 2 of the Complaint.  Mr. Abegg also fails to link the addresses listed on page 2 of the Complaint with a specific Defendant, so it is not clear which address is for which Defendant.  Mr. Abegg is advised that he must provide

an address for each named Defendant so that each Defendant can be properly served.

The Court also finds that the Complaint is deficient because the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Abegg fails to provide a short and plain statement of his claims showing that he is entitled to relief. It is clear that Mr. Abegg believes his constitutional rights have been violated and he also may be asserting claims pursuant to other federal laws. However, it is not clear which of the named Defendants he is asserting each of his claims against and it also is not clear what each named Defendant has done that allegedly violated Mr. Abegg's rights.

Therefore, Mr. Abegg will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Abegg "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Abegg file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Abegg shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Abegg fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED May 4, 2012, at Denver, Colorado.

BY THE COURT:

                                     s/ Boyd N. Boland  
                                     United States Magistrate Judge