IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01084-BNB

WILLIAM ABEGG,

    Plaintiff,

v.

ADAMS/ARAPAHOE SCHOOL DISTRICT J8/AURORA PUBLIC SCHOOLS,
JOHN BERRY, Superintendent, in his personal, professional capacity,
JILL LLITERAS, Principal, in her personal and professional capacity,
TRUDY WICKS, School Security, in her personal and professional capacity, and
KATHLEEN HOSTETLER, Legal Counsel, in her personal and professional capacity,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

    Plaintiff, William Abegg, initiated this action by filing *pro se* a complaint (ECF No. 1). On May 4, 2012, the court ordered Mr. Abegg to file an amended complaint that clarifies who he is suing, provides an address for each named Defendant, and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On May 22, 2012, Mr. Abegg filed an amended complaint (ECF No. 8) in which he asserts claims that are nearly identical to the claims he raised in his original complaint.

    The court must construe the amended complaint liberally because Mr. Abegg is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Although Mr. Abegg has not complied with the particulars of the court's prior order directing him to file an amended complaint, he will be given one more opportunity to clarify each Defendant's

address and the claims he is asserting if he wishes to pursue his claims in this action.

The court has reviewed the amended complaint and finds that the amended complaint remains deficient. First, it still is not clear exactly who Mr. Abegg intends to sue because, although he lists five Defendants in the caption of the amended complaint, he provides addresses for only four Defendants on pages 2 and 3 of the amended complaint. Mr. Abegg also fails to link the addresses listed on pages 2 and 3 of the amended complaint with a specific Defendant, so it is not clear which address is for which Defendant. Mr. Abegg is advised that he must provide an address for each named Defendant so that each Defendant can be properly served.

The court also finds that the amended complaint remains deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Abegg asserts three numbered claims for relief that he identifies as federal constitutional claims, although the first two claims appear to raise the same due process issue. If Mr. Abegg actually intends to assert two separate and distinct due process claims, he must clarify what those separate and distinct claims are. To the extent Mr. Abegg may be asserting any claims in addition to his federal constitutional claims, he also must clarify what those claims are. Furthermore, regardless of the number of claims he is asserting, Mr. Abegg must clarify which Defendant or Defendants he is asserting each claim against and he must allege in support of his claims what each Defendant did that allegedly violated his rights. Although Mr. Abegg asserts in the amended complaint that Defendants Jill Lliteras and Trudy Wicks excluded him from the elementary school his children attend and filed trespass charges against him, he does not allege what any other Defendant has done that allegedly violates his rights.

Mr. Abegg will be given one more opportunity to file a pleading that complies with Rule 8 if he wishes to pursue his claims in this action. In order to state a claim in federal court, Mr. Abegg "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). If Mr.

Abegg responds to this order by filing another pleading that does not correct these deficiencies, the court will dismiss the claims that do not comply. The court also will dismiss from this action any Defendant against whom Mr. Abegg fails to assert any claims.

Mr. Abegg also is advised that § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992) ("[T]he purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."). Therefore, with respect to his federal constitutional claims, Mr. Abegg should name as Defendants in his second amended complaint only those persons that he contends actually violated his federal constitutional rights. Accordingly, it is

ORDERED that Mr. Abegg file, within thirty (30) days from the date of this order, a second amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Abegg shall obtain the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Abegg fails to file a second amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED June 5, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland

United States Magistrate Judge