**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-01084-REB-MJW

WILLIAM ABEGG,

    Plaintiff,

v.

ADAMS-ARAPAHOE SCHOOL DISTRICT 28J/AURORA PUBLIC SCHOOLS,
JOHN BARRY, Superintendent, in his personal and professional capacity,
JILL LLITERAS, Principal, in her personal and professional capacity,
TUDY WICKS, School Security in her personal and professional capacity,
KATHLEEN HOSTETLER, Legal Counsel, in her personal and professional capacity,

    Defendants.

**ORDER ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

    This matter is before me on the following: (1) the **Motion To Dismiss Second Amended Complaint** [#25][1] filed August 3, 2012; (2) the corresponding **Recommendation of United States Magistrate Judge** [#32] filed October 9, 2012. No objections to the recommendation have been filed. I approve and adopt the recommendation and grant the motion to dismiss.

    The plaintiff is acting *pro se*. Therefore, I construe his filings generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d

---

[1] "[#25]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1106, 1110 (10th Cir. 1991) (citing **Haines v. Kerner**, 404 U.S. 519, 520-21 (1972)).

No objections to the recommendation were filed. Thus, I review it only for plain error. *See Morales-Fernandez v. Immigration & Naturalization Service*, 418 F.3d 1116, 1122 (10th Cir. 2005).[2] Finding no error, much less plain error, in the disposition recommended by the magistrate judge, I find and conclude that the recommendation should be approved and adopted as an order of this court.

The plaintiff, William Abegg, is the parent of a child who attends a school operated by the defendants. His complaint is based on an incident he observed at the school in which Mr. Abegg's son was being bullied by other children. The following day, Mr. Abegg received a directive from the school principal excluding him from the school premises. Additional facts are described in the complaint. The plaintiff asserts two due process claims and one First Amendment claim. In the recommendation, the magistrate judge provides a thorough analysis of the allegations in the complaint and the defendants' motion to dismiss. Ultimately, the magistrate judge concludes that the allegations in the complaint are not sufficient to state claims on which relief can be granted. On this basis, the magistrate judge recommends that the motion to dismiss be granted. The conclusions and recommendation of the magistrate judge are correct.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#32] filed October 9, 2012, is **APPROVED** and **ADOPTED** as an order of this court;

2. That the **Motion To Dismiss Second Amended Complaint** [#25] filed August 3, 2012, is **GRANTED**;

---

[2] This standard pertains even though plaintiff is proceeding *pro* se in this matter. **Morales-Fernandez**, 418 F.3d at 1122.

3. That under FED. R. CIV. P. 12(b)(6), the amended complaint [#10] is **DISMISSED**;

4. That judgment **SHALL ENTER** in favor of the defendants, Adams-arapahoe School District 28j/aurora Public Schools, John Barry, Jill Lliteras, Tudy Wicks, and Kathleen Hostetler, against the plaintiff, William Abegg, on all claims for relief and causes of action asserted in this case;

5. That defendants are **AWARDED** their costs to be taxed by the clerk of the court in the time and manner prescribed by Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

6. That this case is **CLOSED**.

Dated March 21, 2013, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge